UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: _____

NICOLE BETMAN,

    Plaintiff,

v.

ALMAZ ENTERPRISE, INC.,
an active Florida corporation,
f/k/a SHADOW CABARET, INC.;
and SHEHRAZADE N. AHMAD,
individually;

    Defendants.

_____/

## **COMPLAINT**

Plaintiff, NICOLE BETMAN ("BETMAN" and/or "Plaintiff") files this Complaint against ALMAZ ENTERPRISE, INC., an active Florida corporation, f/k/a SHADOW CABARET, INC. ("SHADOW"); and SHEHRAZADE N. AHMAD, individually ("AHMAD"), individually (SHADOW and AHMAD are collectively referred to as "Defendants") for willful violations under the Fair Labor Standards Act, (hereinafter referred to as the "FLSA") and the Florida Minimum Wage Act ("FMWA") and states the following:

## **INTRODUCTION**

1. Plaintiff worked for Defendants as a bartender and when not performing bartending duties, Plaintiff performed additional work providing marketing services to Defendants.

2. For purposes of this Complaint, Plaintiff refers to her job performing marketing services as the "Director of Special Events" ("Events").

3. As a bartender, Plaintiff's duties included, but were not limited to, things such as taking drink orders, serving drinks and cleaning the bar area.

4. In her job as Events, Plaintiff's duties included, but were not limited to, preparing social media campaigns, preparing marketing materials for events at SHADOW and generally assisting in promoting Almaz.

5. Plaintiff's duties did not involve having discretion or independent judgment on matters of significance to Defendants.

6. Defendants have a policy and practice of failing to pay overtime compensation for all hours worked in excess of forty (40) in a given workweek.

7. Additionally, Defendants did not pay minimum wage to Plaintiff for her Events position.

8. Thus, Defendants have willfully violated the FLSA.

## JURISDICTION AND VENUE

9. The FLSA authorizes court actions by private parties to recover damages under its wage and hour provisions.

10. This Court has original jurisdiction over Plaintiff' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in the Southern District of Florida because Defendant SHADOW has its principal place of business in this District, provides services in this District and is thus considered a resident of this District. Additionally, all or a substantial portion of the acts that form the basis of this action took place in this District.

12. Upon information and belief, Defendant AHMAD is a resident of this District.

## PARTIES

13.     Plaintiff BETMAN is an adult female who, during the time period of the facts that give rise to this Complaint was a resident of Broward County, Florida.

14.     Defendant SHADOW is an active Florida corporation with its principal place of business located in Broward County, Florida.

15.     Defendant AHMAD is an adult female who, during the facts that give rise to this Complaint was a resident of Broward County, Florida.

## FLSA AND FMWA COVERAGE

16.     Plaintiff BETMAN worked for Defendants from between 2018 and 2019. The "Relevant Liability Period" for this lawsuit is November 5, 2018 – May 26, 2019.

17.     Plaintiff was a covered employee within the meaning of the FLSA and the FMWA.

18.     During the Relevant Liability Period, Defendants failed to pay Plaintiff overtime for all hours worked in excess of forty (40) in a given workweek and minimum wage for hours worked.

19.     Defendant, SHADOW, is a covered employer under the FLSA and the FMWA.

20.     During the Relevant Liability Period, Defendant SHADOW, employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any persons," as defined in 29 U.S.C. 203(s)(1)(A)(i).

21.     During her employment with Defendant SHADOW, Plaintiff handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: alcohol, spoons, forks, knives, towels, and other bar items.

22. During the Relevant Liability Period, Defendant SHADOW, achieved annual gross sales or business done in excess of $500,000.00 in 2017, 2018, 2019, and is expected to gross in excess of $500,000.00 in 2020, in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

23. As a bar/adult entertainment establishment, Defendant SHADOW accepted shipments of goods and items through interstate commerce during the Relevant Liability Period.

24. As part of her primary duty as a bartender, Plaintiff was required to regularly and recurrently handle and otherwise store these goods and items as they were shipped and delivered to the bar from out-of-state through interstate commerce.

25. Plaintiff was therefore individually covered under the FLSA.

26. During the Relevant Liability Period Defendant SHADOW employed ten (10) or more persons and is therefore covered under Chapter 448 Part I Florida Statutes.

## INDIVIDUAL EMPLOYER LIABILITY

27. Defendant, AHMAD, is an individual who is a resident of the State of Florida and upon information and belief a resident of Broward County, Florida.

28. During the Relevant Liability Period, AHMAD was (and still is) the President of SHADOW.

29. During the Relevant Liability Period, AHMAD was an employer of Plaintiff as that term is defined by the FLSA insofar as she had complete control of SHADOW, made day to day decisions, established pay policies and practices for SHADOW, had direct control of Plaintiff, had hiring and firing authority, set Plaintiff's rates of pay and personally hired Plaintiff. Ultimately, all decisions went through AHMAD.

30. During the Relevant Liability Period Defendant AHMAD employed ten (10) or more persons and is therefore covered under Chapter 448 Part I Florida Statutes

## FACTUAL ALLEGATIONS COMMON
## TO PLAINTIFF'S WAGE AND HOUR CLAIMS

31. SHADOW is an adult entertainment establishment specializing in providing in-person entertainment.

32. During the Relevant Liability Period, Plaintiff was a non-exempt employee (hourly paid worker), and therefore entitled to overtime compensation for all hours worked over forty (40) in a given workweek.

33. Additionally, Plaintiff worked for Defendants in an Events position.

34. In obtaining her position as a bartender, Plaintiff sent her resume to Shadow via Craigslist.

35. Ahmad contacted Plaintiff for an interview.

36. Following a second interview, which was a "working interview," Ahmad hired Plaintiff as a bartender.

37. After working at Shadow for approximately six (6) months, Ahmad interviewed Plaintiff for the Events position.

38. Ahmad offered Plaintiff the Events position and the following day texted Plaintiff to review Shadow's social media accounts.

39. Plaintiff's Events position was also non-exempt.

40. Plaintiff is entitled to minimum wage for her job in the Events position.

41. Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) in a given workweek.

42. Plaintiff routinely worked over forty (40) hours in a workweek but was not paid overtime wages for all of that work.

43. Defendants knew, and have known, that Plaintiff performed overtime work without compensation and have chosen to deny them overtime compensation for performing this work in willful disregard of their rights under the FLSA.

44. Additionally, Defendants failed to pay Plaintiff minimum wage for her Events position.

45. Defendants knowingly did not pay Plaintiff minimum wage for her Events position.

46. On June 2, 2020, pursuant to Florida Statute § 448.110(6)(a) Plaintiff sent notice ("the Notice")to all Defendants informing them of her intent to initiate this action, identifying the minimum wage to which Plaintiff claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice. A copy of the notice and exhibit attached thereto is attached as Exhibit A herewith.

47. All Defendants received the Notice.

48. More than fifteen (15) days has passed since Defendants receipt of the Notice.

49. The Relevant Liability Period is as follows:

        11/05/18 - 11/18/18
        12/24/18 - 12/30/18
        12/31/18 - 01/06/19
        01/07/19 – 01/13/19
        01/14/19 – 01/20/19
        02/11/19 – 02/17/19
        02/18/19 – 02/24/19
        02/25/19 – 03/03/19
        03/04/19 – 03/10/19
        03/11/19 – 03/17/19
        03/18/19 – 03/24/19
        03/25/19 – 03/31/19
        04/01/19 – 04/07/19
        04/08/19 – 04/14/19
        04/15/19 – 04/21/19
        04/22/19 – 04/28/19
        05/06/19 – 05/12/19
        05/20/19 – 05/26/19

50. A copy of all of the pay stubs for the above-referenced work weeks are attached as composite Exhibit B herewith and are also attached as an exhibit to the Notice.

51. For each of the workweeks in the Relevant Liability Period, Plaintiff worked ten (10) hours of overtime per week.

52. Defendants' practice was to clock Plaintiff out approximately two (2) hours before her bartender shift ended.

53. Despite being clocked out, Plaintiff would continue to perform work for Defendants, including performing tasks such as cleaning the bar and counting out her register.

**2018 – Minimum Wage and Overtime for Work as a Bartender**

54. In 2018, Florida's minimum wage rate was $8.25/hr.

55. Accordingly, the overtime rate for a tipped employee 2018 was $9.36/hr.

56. Throughout the entirety of Plaintiff's employment, Defendants improperly calculated her overtime rate.

57. Plaintiff is owed $14.49, for an additional 2.76 regular hours worked during the pay period 11/05/18.[1]

58. Additionally, Plaintiff is owed $93.60 for overtime (10 hours of overtime per work week) worked during each of the work weeks 11/05/18 – 11/11/18 and 12/24/18 – 12/30/18 for a total of $187.20 in overtime in 2018.

59. Thus, the total amount of actual minimum wage and overtime owed for 2018 is **$201.69**.

**2019 - Minimum Wage and Overtime for Work as a Bartender for the Work Weeks During the Time Period 01/06/19 – 03/10/19**

---

[1] Although only required to pay $5.23/hr. during 2018, Defendants paid Plaintiff $5.25/hr.

60. In 2019, Florida's minimum wage rate was $8.46/hr.

61. Accordingly, the overtime rate for a tipped employee in 2019 was $9.67/hr.

62. Plaintiff is owed $78.05, for an additional 14.35 total regular hours worked among the pay periods: 01/06/19 – 01/10/19; 01/11/19 – 01/20/19; 02/11/19 – 02/17/19; 02/25/19 – 03/03/19.

63. Additionally, Plaintiff is owed a total of $636.10 for overtime (10 hours of overtime per work week) worked during each of the work weeks during the time period 01/06/19 – 03/10/19.[2]

64. Thus, the total amount of actual minimum wage and overtime owed for the work weeks during the time period 01/06/19 – 03/10/19 is **$714.15**.

## 2019 - Minimum Wage and Overtime for Work as a Bartender and Events for the Work Weeks During the Time Period 03/11/19 – 05/26/19

65. During the above-referenced time period, Plaintiff worked twenty (20) hours per work week as what is termed herein as Events.

66. Plaintiff is entitled to compensation at a rate of $8.46/hr. for the twenty (20) hours per week.

67. There are nine (9) weeks in the above referenced time period.

68. Accordingly, Plaintiff is entitled to a total of $1,522.80, as compensation for the 180 hours of regular hours worked during the above-referenced time period.

69. Further, during the above-referenced time period, Plaintiff worked 10.05 regular hours as a bartender for which she was not compensated.

---

[2] During the work weeks for the time period 01/06/19 – 03/10/19, Plaintiff was paid partial overtime which is accounted for in the above-referenced calculations.

70. Thus, Plaintiff is entitled to a total of $54.67.

71. Additionally, during the above-referenced time period, Plaintiff worked three hundred (360) hours of overtime (40 hours per week)[3].

72. The blended regular hourly rate was $6.19/hr. Therefore, the half-time rate was $3.02/hr.

73. Accordingly, Plaintiff is entitled to $1,009.42 of overtime wages.[4]

74. Defendants knew, or should have known, that they had to pay Plaintiff minimum wage and overtime wages.

## COUNT I

### FAILURE TO PAY MINIMUM WAGE AND OVERTIME COMPENSATION IN VIOLATION OF THE FLSA

75. Plaintiff re-alleges and incorporates by reference paragraphs 1-74 as though fully set forth herein.

76. This Count is against all Defendants.

77. During the Relevant Liability Period, Defendants failed to properly compensate Plaintiff by failing to properly pay overtime wages for all hours worked in excess of forty (40) in a given workweek.

78. Defendants also failed to properly pay minimum wage for all hours worked.

79. Defendants' actions were willful.

---

[3] Plaintiff worked sixty (60) hours a week as a bartender and twenty (20) hours a week as the Director of Special Events.

[4] During the above-referenced time period, Plaintiff was paid $77.78 of overtime. Therefore, that amount is not included in the amount owed.

80. Plaintiff seeks unpaid minimum wage and overtime compensation in amounts to ultimately be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorney's fees and costs pursuant to 29 U.S.C. 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants and requests that this Court:

a. Find that Defendants' violations of the FLSA were willful and impose a three (3) year statute of limitations period for FLSA claims;

b. Find that SHADOW and AHMAD are jointly and severally liable for any overtime and minimum wage violations committed as individual employers under the FLSA;

c. Award Plaintiff unpaid overtime wages;

d. Award Plaintiff unpaid minimum wages;

e. Award Plaintiff liquidated damages;

f. Award Plaintiff post-judgment interest;

g. Award Plaintiff attorney's fees and costs; and

h. Award Plaintiff any other relief this Court deems just and appropriate.

## COUNT II

**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FMWA**

81. Plaintiff re-alleges and incorporates by reference paragraphs 1-74 as though fully set forth herein.

82. This Count is against all Defendants.

83. During the Relevant Liability Period, Defendants failed to properly compensate Plaintiff by failing to properly pay minimum wage for all hours worked

84. Defendants' actions were willful.

85. Plaintiff seeks unpaid minimum wage compensation in an amount to ultimately be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorney's fees and costs pursuant to Florida Statute § 448.110(6)(c)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants and requests that this Court:

i. Find that Defendants' violations of the FMWA were willful and impose a three (3) year statute of limitations period for FMWA claims;

j. Find that SHADOW and AHMAD are jointly and severally liable for any minimum wage violations committed as individual employers under the FMWA;

k. Award Plaintiff unpaid minimum wages;

l. Award Plaintiff liquidated damages;

m. Award Plaintiff post-judgment interest;

n. Award Plaintiff attorney's fees and costs; and

o. Award Plaintiff any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 14th day of September 2020.

Respectfully Submitted,

By: */s/ Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
633 S. Andrews Ave.
Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 401-2608
*Co-Counsel for Plaintiff*

By: */s/ Nolan Klein*
Nolan Klein Esq.
Florida Bar No. 647977
klein@nklegal.com
**LAW OFFICES OF NOLAN KLEIN, P.A.**
633 S. Andrews Ave.
Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 745-0588
*Co-Counsel for Plaintiff*