SETTLEMENT AGREEMENT AND MUTUAL RELEASE

WHEREAS, Plaintiff, NICOLE BETMAN ("Betman" or "Plaintiff") through her attorneys MICHAEL L. ELKINS, ESQ. and NOLAN KLEIN, ESQ. (collectively "Plaintiff's Counsel") filed a lawsuit in the United States District Court, Southern District of Florida, Case No. 20-cv-61859-WPD ("the Lawsuit") asserting claims for violation of the Fair Labor and Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA") against, Defendants, ALMAZ ENTERPRISE, INC., and SHEHRAZADE N. AHMAD, individually (collectively referred to as "Defendants"); (all of the aforementioned collectively referred to as the "Parties"). For good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Mutual Release. In consideration for the promises contained in this Settlement Agreement and Mutual Release (the "Agreement"), the Parties unconditionally release and discharge each other and their past and present principals, agents, managers, shareholders, parent companies, subsidiaries, divisions, directors, officers, administrators, fiduciaries, attorneys, heirs, beneficiaries, successors and assigns (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties which arises out of, or is in any way connected with Plaintiff's employment with, or the separation of her employment with the Defendants, and which arises out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the Lawsuit. This Release is intended to be as broad as is permitted by the FLSA and United States Law and thus this Release is intended to only be limited by, and therefore not release, claims which cannot be discharged in FLSA settlement agreements. Thus, this Release does not apply or release claims regarding any physical injury to Plaintiff which Plaintiff were neither aware of, nor could reasonably become aware of at the time of entering into the Agreement.

   For the avoidance of doubt, the above Release is intended to be mutual in all respects. Defendants are therefore releasing any and all claims they had, have or may have against Plaintiff from the beginning of the world through the date of this Agreement.

2. Settlement Amount. In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle Plaintiff's claims in exchange for:

    a. NICOLE BETMAN for a total of Three Thousand Five Hundred Dollars ($3,500.00) payable within five (5) calendar days of court approval of this Agreement in the following:

        i. A check to Nicole Betman in the amount of $1,750 as unpaid wages less all applicable federal, state and local withholding for which a Form W-2 shall issue, which includes and fully satisfies Plaintiff's claim for unpaid/underpaid minimum wages and overtime, and

        ii. A check to Nicole Betman in the amount of $1,750 as liquidated damages for which a Form 1099 shall issue.

    b. MLE LAW, LLC As resolution of attorney's fees and costs, a total of One Thousand Five Hundred Dollars ($1,500.00) payable via check to "MLE LAW, LLC" or via wire transfer to:

        MLE Law, LLC
        Suntrust Bank
        Acct. Number: 063102152
        Routing Number: 1000215395590

3. <u>Payment of Taxes</u>. Unless otherwise stated herein, the Parties acknowledge and agree that they are responsible for reporting to the appropriate governmental agencies and other authorities all monies received and/or disbused as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions.

4. <u>Non-Admission Clause</u>. By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

5. <u>Jurisdiction</u>. The parties agree that jurisdiction over enforcement of this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Parties agree to request that the Court retain jurisdiction over the enforcement of the terms set forth herein. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Broward County, Florida.

6. <u>Motion for Joint Approval</u>. Within five business (5) days of signing this Agreement by all parties, Plaintiff's Counsel agrees to prepare and file with the Court in the Lawsuit a Motion for Approval of the Parties' Settlement Agreement seeking approval from the Court and asking the Court to dismiss the Lawsuit with prejudice with the Court to maintain jurisdiction to enforce the terms of this Agreement.

7. <u>Severability</u>. In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

8. <u>Entire Agreement</u>. This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

9. <u>Enforcement</u>. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

10. <u>Voluntariness</u>. Each Plaintiff certifies that she/he has fully read, negotiated, and completely understands the provisions of this Agreement, that she/he has been advised by Defendants to consult with an attorney before signing the Agreement, and that she/he is signing freely and voluntarily, and without duress, coercion, or undue influence.

11. <u>Acceptance</u>: Plaintiff expressly agrees that the settlement payments are being accepted by her as full and complete consideration for all of her claims under the FLSA and state wage and hour law, whether asserted in the Lawsuit or otherwise and that no other overtime payments, wages, tips or other compensation is due and owing, and that Plaintiff will not be entitled to any additional amounts pursuant to the FLSA or state wage and hour law.

12. <u>Careful Review and Understanding of Agreement</u>. The Parties to this Agreement mutually represent that each has carefully read this Agreement and understands its terms and conditions without reservation. The Parties acknowledge that each has had ample opportunity to consult with legal counsel of their choice regarding this Agreement, have not relied on any representations or statement of the other party or its counsel with respect to the subject matter of this agreement, and understand that they are relinquishing and releasing in their entirety the claims they may have against each other in the Litigation.

13. <u>Counterparts</u>. This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as the original signatures.

14. <u>Binding Nature of Agreement</u>. This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

15. <u>Interpretation</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

This Agreement has been negotiated by and between the Parties respective counsel and shall not be construed against the "drafter" of the Agreement.

16. <u>Modification of Agreement</u>. This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

17. <u>Headings</u>. The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

IN WITNESS WHEREOF, the Parties, individually and by and through their duly authorized representatives, as applicable, knowingly and voluntarily execute this Agreement.

**NICOLE BETMAN**                    Dated: 10/29/20

_____
Nicole Betman, Individually

**SHEHRAZADE N. AHMAD**              Dated: 11/2/20

_____
Shehrazade N. Ahmad, Individually


**ALMAZ ENTERPRISE, INC.**           Dated: November 2 2020

_____
By: Shehrazade Ahmad
Its:      President

4